## Kankakee Water Works Company v. Joseph Irwin.

1. SEWERS—*Damages for Obstructing.*—The Kankakee Water Works in laying a water pipe injured and obstructed plaintiff's sewer (which he had, under the authority of a resolution of the city council, laid in the street, from his house to the river), so that the sewage flowed back into his cellar. *It was held* that he was entitled to recover such damage as he could show he had sustained.

**Memorandum.**—Action for damages. In the Circuit Court of Kankakee County; the Hon. CHARLES R. STARR, Judge, presiding. Declaration for obstructing a sewer; trial by jury; verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the May term, 1894, and affirmed. Opinion filed December 13, 1894.

WHEELER & HUNTER, attorneys for appellant.

EDWARD E. DAY, attorney for appellee.

MR. JUSTICE CARTWRIGHT DELIVERED THE OPINION OF THE COURT.

Appellee brought this suit against appellant and alleged in his declaration that appellant negligently and improperly laid its iron water pipe in a street of the city of Kankakee, in such manner as to break into and stop up the sewer of appellee laid by permission of said city in said street from his dwelling house, and to cause the sewer drainage and refuse matter to flow back into his cellar, making his family sick, causing an expenditure of $500 in curing them, making his well foul, causing the walls of his house to crack and settle, rendering the premises wet and unwholesome and interfering with his comfort. There was a plea of the general issue and a trial resulting in a verdict for appellee for $275, on which judgment was entered.

It is first urged that the evidence did not connect the sickness in plaintiff's family with the condition of the cellar produced by defendant's act. Plantiff's sewer extended from his house to Kankakee river with quite a sharp decline,

carrying the drainage from the house, including a water closet and a bathroom, and had always worked well. Defendant laid its water pipe across the sewer and either in laying it, or as a consequence of the water pipe settling, the sewer pipe was broken and stopped up and plaintiff's cellar became filled with sewerage to the depth of twenty inches or two feet. The water pipe was laid in November or December, 1892, and the dampness and offensive smell in the cellar began about a month after, so that it is probable that the cause of the stoppage was the settling of the water pipe. From January 17, 1893, plaintiff's family were sick for several months. They had chills and fever, bilious troubles of a malarial origin, rheumatism and diphtheria. During four months a physician was in attendance upon them, averaging once a day for the whole period. Plaintiff's son had rheumatism before, and his trouble was not due to the sewerage, but no other cause was shown for the existence of the other diseases, and it was proved that conditions like that existing in the cellar were an efficient cause for their presence. While it was proved that diphtheria was contagious, and that it was prevalent in the same city, it was not shown that any of plaintiff's family were exposed to contagion. The jury were warranted from the coincidence of disease and a sufficient cause, in finding that the disease resulted from that cause, in the absence of any evidence of a different cause. It is matter of common knowledge that the gases and foul odors generated under the conditions created in plaintiff's cellar and distributed through his dwelling house not only destroy the comfort of a family, but that disease originates from such sources.

It is also claimed that the rule laid down by the court for the assessment of damages was erroneous, and that the damages allowed were excessive. The third instruction given at the request of plaintiff stated that it was not necessary that any witness should have expressed an opinion as to the amount of plaintiff's damages, but the jury might themselves make such estimate from the facts and circumstances in proof, and by considering them in connection with their own

knowledge, observation and experience in the business affairs of life. The instruction applied to all the damages sustained, and included among the damages proved were moneys paid by plaintiff to various doctors for medical treatment of his family and to druggists for medicines and also damage to his house by soaking the foundation and causing the walls to settle and crack. These damages were not proper subjects of estimate by the jury from their knowledge, observation and experience, which would not enable them to say how much plaintiff paid doctors and druggists, or what the cost of repair or injury to value might be. We regard the giving of the instruction as harmless error in this case, however, because, while there was no evidence from which the jury could fix the amount of damage to the building, there was evidence of the amount of the doctor's bills and drugs, which equaled the amount of the verdict, and, taken with other damage not susceptible of exact proof and which the jury should estimate under the rule stated in the instruction, made the verdict in any view of the evidence less than the damage proved after eliminating any expense included on account of rheumatism. It is objected that the fifth instruction given for plaintiff was broader than the declaration in permitting a recovery for any damage resulting from sending the sewerage back into plaintiff's cellar, whether alleged in the declaration or not, but there was no evidence of any damage except such as was alleged, and therefore the instruction could not have had the effect of including such damage in the verdict.

The last point made is that the plaintiff was a trespasser in the street and defendant was rightfully there, and therefore plaintiff could not maintain his action. Permission was given to plaintiff to put in the sewer by resolution of the city council March 12, 1888, and it had been laid over four years at the time defendant broke and stopped it up. The license so given had never been revoked, and the ordinance under which defendant laid its pipes provided that they should not interfere with existing sewers. We see no merit in the argument on that question. The judgment will be affirmed.